IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATED OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| vs. | : | |
| | : | |
| OSCAR ROMAN | : | NO.  95-335-02 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                            **SEPTEMBER 15, 2009**

Oscar Roman has filed a pro se motion for a reduction of his sentence based on recent amendments to the crack cocaine guidelines.

On June 21, 1995, Roman was charged in an indictment with one count distribution of cocaine base ("crack") (Count Two); two counts of possession of crack with intent to distribute (Counts Three and Five); and one count of possession of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Four).  PSR ¶¶ 1 and 2.  On March 18, 1996, Roman entered a plea of guilty to all four counts pursuant to a plea agreement with the government.  PSR ¶ 3.

The Presentence Report calculated that Roman's offense involved 43.06 grams of crack, which resulted in a base offense level of 30.  PSR ¶ 16.  Due to his status as a career offender, the base offense level was increased to level 34, and his criminal history category was increased from V to VI.  PSR ¶ 23, 35 and 36.  After deducting three levels for acceptance of responsibility, PSR ¶ 24, Roman's total offense level was a 31, PSR ¶ 25, and his criminal history category VI, his guideline range was 188 to 235 months.  Added to that range was the mandatory consecutive sentence of 60 months for the Section 924(c) offense.  PSR ¶ 53.

At the sentencing hearing on October 16, 1996, this Court adopted the guideline calculation set forth in the Presentence Report.  We imposed a guideline range sentence of 188 months on the drug counts and a consecutive sentence of 60 months for a total term of imprisonment of 248 months.  Judgment and Conviction Order, p.2.

Oscar Roman is not eligible for a reduction in his sentence based on the recent amendments to the crack cocaine guidelines because his applicable guideline range was set by the career offender provision and thus was not affected by the amendments.

In a case involving an identical factual situation, the Third Circuit recently held that career offenders are not entitled to a reduction under Section 3582(c) and Amendment 706. In the case of United States v. Mateo, 560 F.3d 152 (3d Cir. 2009).  The Court explained:

> Here, the crack cocaine amendment ordinarily would have served to lower Mateo's base offense level from 28 to 26 under § 2D 1.1(c). However, Mateo's sentencing range was determined based on the alternative career offender offense level as stipulated by § 4B 1.1.  As a career offender, Mateo's base offense level remains 34 no matter whether the otherwise applicable offense level - absent Mateo's career offender status - is 28 or 26.  Keeping all other Guidelines calculations unchanged, application of Amendment 706 still yields a sentencing range of 188-235 months, based on a total offense level of 31 and a Criminal History category of VI.  Amendment 706 does not affect Mateo's applicable sentencing range, and therefore § 3582(c)(2) does not authorize a reduction in his sentence.

Therefore the Court rejected Roman's argument that his sentence was "based on" the amended Section 2D1.1 base offense level for purposes of Section 3582(c).

The defendant also contends that the policy statements in Section 1Bl.10 are invalid and therefore not binding on the Courts.  The Third Circuit has expressly rejected this argument and held that the policy statements of Section 1B1.10 are binding.  United States v. Doe,

564 F.3d 305, 310-11 (3d Cir. 2009).  Therefore under the binding policy statements of Section

1B1.10, the defendant is not eligible for a reduction because the amendment does not lower the

applicable guideline range due to the application of another guideline provision.

   For these reasons we will enter the following Order.